Sandra R. SWANSON, Plaintiff,

v.

UNIVERSITY OF HAWAII PROFES-
SIONAL ASSEMBLY; and Mary Alice
Evans, Comptroller, State of Hawaii,
Defendants.

No. CIV.02–00552 HG–LEK.

United States District Court,
D. Hawai'i.

Jan. 27, 2003.

R. Patrick McPherson, Honolulu, Milton L. Chappell, W. James Young, National Right to Work Legal Defense Foundation Inc, Springfield, VA, for Sandra R. Swanson, plaintiff.

Wade C. Zukeran, T. Anthony Gill, Gill & Zukeran, Sarah R. Hirakami, Department of the Attorney General–State of Hawaii, James Earl Halvorson, Jonathan A. Swanson, Department of the Attorney General–State of Hawaii, Department of Education, Honolulu, Hawaii, for University of Hawaii Professional Assembly, Mary Alice Comptroller, State of Hawaii, and named as Rule 19(a) defendant, defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

GILLMOR, District Judge.

On October 1, 2002, Plaintiff Sandra R. Swanson, filed a Verified Class Action Amended Complaint seeking relief under 42 U.S.C. § 1983. Plaintiff alleges that the actions of Defendant University of Hawaii Professional Assembly ("UHPA"), and Defendant Mary Alice Evans, Comptroller of the State of Hawaii, violate Plaintiff's and potential class members' First and Fourteenth Amendment rights to the United States Constitution by failing to follow the United States Supreme Court decision in *Chicago Teachers Union v. Hudson,* 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986). Plaintiff maintains that the method UHPA uses to provide information to nonmembers to distinguish collective bargain expenses from political expenses violates *Hudson.*

This Order addresses Plaintiff's Motion for Class Certification filed on October 16, 2002 and separately opposed by Defendants UHPA and Evans on January 3, 2003. Plaintiff filed a consolidated reply to Defendants' Oppositions on January 10, 2003, that attached, as an exhibit, a recent opinion of the Ninth Circuit Court of Appeals, *Cummings v. Connell,* 316 F.3d 886 (9th Cir. 2003). On January 22, 2003, the Court heard oral argument on the Motion for Class Certification and the Motion for a Preliminary Injunction. At oral argument, counsel for Defendants conceded that the Ninth Circuit's recent decision in *Cummings* affected the motion for class certification (Defendants could not address *Cummings* as it was not yet published at the time of their Oppositions). In light of *Cummings* and for the reasons that follow, the Motion for Class Certification is GRANTED.

## BACKGROUND

Plaintiff Sandra R. Swanson is employed by the University of Hawaii at the Maui Community College as an instructor. (Verified Class Action Amended Complaint ("Amended Complaint"), ¶ 6). Under the terms of her employment, Plaintiff is represented by Defendant University of Hawaii Professional Assembly ("UHPA") in Collective Bargaining Unit 7 (Faculty), although she is not a member of UHPA. *Id.* Defendant UHPA is an "employee organization" as defined by Haw.Rev.Stat. § 89–2. (Amended Complaint, ¶ 7).

Defendant Mary Alice Evans is Comptroller of the State of Hawaii. (*Id.,* at ¶ 8). As Comptroller, Evans is responsible for issuing wages and processing deductions from wages for Plaintiff and other employees of the State and the University of Hawaii. (*Id.,* at ¶ 8). Since at least August 31, 2000, pursuant to Haw.Rev.Stat. § 89–4, Defendant Evans has been deducting agency fees equal to full union dues on behalf of UHPA from the wages of Plaintiff and other nonunion employees of Collective Bargaining Unit 7. (*Id.,* at ¶ 22).

On or about December 22, 2000, Plaintiff and other similarly situated employees received materials from UHPA setting forth its policy to "permit[ ] non-members of UHPA Bargaining Unit 7 to request a rebate of the pro rata portion of the annual dues equivalent." (*Id.,* at ¶ 23). On or about December 17, 2001, Plaintiff and other similarly situated employees received a new set of materials from UHPA setting forth its policy to "permit[ ] non-members of UHPA Bargaining Unit 7 to request a rebate of the pro rata portion of the annual dues equivalent." (*Id.,* at ¶ 25).

Plaintiff complains that these notices are deficient under *Hudson, supra.* (*Id.,* at ¶ 29).

### ANALYSIS

Plaintiff moves to certify the following class:

all former, current, and future University of Hawaii employees employed in Collective Bargaining Unit 7, as certified by the Hawaii Labor Relations Board, who are, have been, or will be represented exclusively for purposes of collective bargaining by UHPA, but who are not, were not, or will not be members of UHPA, and were (after 31 August 2000), are, and/or will nevertheless be subjected to involuntary seizures of an amount equivalent to regular union dues or agency fees for the benefit of UHPA.

(Amended Complaint, ¶ 10). To be maintained as a class, the action must meet the four prerequisites under Fed.R.Civ.P. 23(a), in addition to meeting one of the three subdivisions of Fed.R.Civ.P. 23(b).

A district court has broad discretion in determining whether the moving party has satisfied each Rule 23 requirement. *Califano v. Yamasaki,* 442 U.S. 682, 701, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). Petitioners have the burden of demonstrating that they satisfy the class certification prerequisites. *Mantolete v. Bolger,* 767 F.2d 1416, 1424 (9th Cir.1985).

Plaintiff suggests that the class should encompass all 600+ fee paying nonmembers of UHPA that received *Hudson* notices which Plaintiff maintains are legally inadequate. Defendant UHPA, however, believes that the class is limited to those 27 nonmembers who filed objections to the most recent *Hudson* notice. The Court concludes that Plaintiff is entitled to a class of all fee paying nonmembers. Such nonmembers received identical *Hudson* notices and would be entitled to a new notice, and new opportunity to object, should the Court find that the previous *Hudson* notices were inadequate.

### A. *Rule 23(a)*

The Court must determine whether the proposed class satisfies the four prerequisites of Rule 23(a):

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). These requirements are commonly known as numerosity, commonality, typicality, and adequacy of representation. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir.1998).

#### 1. Numerosity

■ Rule 23(a)(1) requires a class "so numerous that joinder of all members is impracticable" before the action is class certified. Courts have not established a numerical cut-off for a determination of numerosity. *See General Telephone Co. of the Northwest v. E.E.O.C.,* 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980).

Plaintiff alleges that the proposed class numbers in the hundreds. UHPA states that there are 614 potential class members (present dues-paying non-members of UHPA). (UHPA's Opposition, page 5; Declaration of J.N. Musto, attached to UHPA's Opposition to Motion for Preliminary Injunction, ¶ 5). There may also be additional nonmembers who paid dues for teaching in previous semesters after August 31, 2000. Those additional individuals, as well as future instructors, should be class members.

The Court finds that the numerosity element is met. Joinder of more than 600 potential class members is clearly impracticable.

#### 2. Commonality

■ Rule 23(a)(2) requires "questions of law or fact common to the class." Commonality is to be construed liberally. *See Han-*

*lon,* 150 F.3d at 1019. Defendants UHPA and Evans do not contest commonality. The Court finds that there are common questions of law and fact as all potential class members received the same *Hudson* notices.

### 3. Typicality

■ Rule 23(a)(3) requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." *See Hanlon,* 150 F.3d at 1020. Typicality requires that the named plaintiff has claims "reasonably coextensive with those of absent class members" without the claims having to be "substantially identical." *See Hanlon,* 150 F.3d at 1020. Typicality also requires the class representative to be a class member. *See General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

In this case, the same conduct, i.e. the adequacy of the *Hudson* letters, forms the basis for each class member's claim against the union. As non-members of the UHPA, Plaintiff and class members were entitled to the same right to adequate notice and procedures that comply with *Hudson.* Typicality, therefore, exists.

### 4. Adequacy of Representation

■ Rule 23(a)(4) requires representative parties who "will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4); *see Hanlon,* 150 F.3d at 1020. A class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." *East Texas Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 403, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977) (citations and quotation marks omitted).

Defendants UHPA and Evan argue that Plaintiff Swanson has a conflict of interest with the proposed class because Swanson seeks damages as a remedy, while other class members may likely be " 'free rider[s]' who wished to receive the services of a healthy union while paying as little as possible for them." *Harik v. California Teachers Ass'n,* 298 F.3d 863, 872 (9th Cir.2002) (citation omitted). Defendants rely largely on *Gilpin v. AFSCME, AFL–CIO,* 875 F.2d 1310, 1313

(7th Cir.), *cert. denied,* 493 U.S. 917, 110 S.Ct. 278, 107 L.Ed.2d 258 (1989). The Ninth Circuit Court of Appeals in *Cummings* explicitly chose not to follow *Gilpin.* Therefore, any potential conflict, between free riders and those ideologically opposed to unions, remains hypothetical and is therefore not yet relevant to deciding adequacy of representation. *See Cummings,* 316 F.3d at 896 ("this circuit does not favor denial of class certification on the basis of speculative conflicts.") Because any conflict remains speculative, and because the Court will entertain a motion to decertify if a true conflict develops, the Court will not deny the motion to certify on the basis of a potential conflict of interest among class members.

In addition to adequacy of representative parties, Plaintiff must also show adequate representation by class counsel. *See Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994). Defendants do not dispute the adequacy of class counsel, in fact, they reference numerous other instances in which Plaintiff's counsel, from the National Right to Work Legal Defense Foundation, has represented similarly situated individual employees against unions. The Court therefore finds that Defendants do not allege a serious question as to the attorneys' capabilities. Based upon their experience in like matters, Plaintiff's counsel is clearly adequate.

In sum, the Court finds that Plaintiff meets the adequacy of representation element and therefore meets all the requirements of Rule 23(a). The Court must now turn its attention to whether Plaintiff meets at least one of the requirements of Rule 23(b).

### B. *Rule 23(b)*

■ An action that meets all of the prerequisites of Rule 23(a) may be maintained as a class action if it also meets the requirements of at least one of the three subdivisions of Rule 23(b). Plaintiff seeks certification under Rules 23(b)(1)(A), 23(b)(2), and 23(b)(3).

Because the Court finds that the proposed class meets the criteria of Rule 23(b)(2), the

Court will not discuss whether certification is appropriate under Rules 23(b)(1) or 23(b)(3).

Rule 23(b)(2) permits a class action when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

In light of *Cummings*, Rule 23(b)(2) is applicable. Defendant UHPA sent identical *Hudson* letters to, and received funds from, all non-members. Plaintiff is seeking an injunction which would freeze such fund collection until such time as UHPA sends non-members a legally sufficient *Hudson* letter. Consequently, any injunctive relief (if any is later provided) would apply equally to the class as a whole. The Court therefore finds that Plaintiff meets the requirements of Rule 23(b)(2).

## CONCLUSION

Plaintiffs have met the prerequisites under Rule 23(a) and have met the criteria of Rule 23(b)(2). The Court hereby certifies the class as proposed by Plaintiff and name Sandra R. Swanson as class representative. Class notification shall take place after the Court has ruled upon the Motion for a Preliminary Injunction.

IT IS SO ORDERED.